# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/10/2026 10:09 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

Filippo Marchino, Esq. (SBN 256011)
FM@xlawx.com
Richard Davis, Esq. (SBN 161858)
RD@xlawx.com
Carlos X. Colorado, Esq. (SBN 231031)
CC@xlawx.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave., Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

Attorneys for Plaintiff,
Jessica Badenoch

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY

## OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JESSICA BADENOCH, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> RIEDELL SHOES, INC, a Minnesota Corporation, AMAZON.COM SALES, INC., a Delaware Corporation, and DOES 1 THROUGH 100, INCLUSIVE, <br><br> Defendants. | Case No. 26STCV04328 <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **STRICT LIABILITY – DESIGN DEFECT** <br> 2. **STRICT LIABILITY – MANUFACTURING DEFECT** <br> 3. **STRICT LIABILITY – FAILURE TO WARN** <br> 4. **VIOLATION OF CONSUMER LEGAL REMEDIES ACT (CIV. CODE § 1750, ET SEQ)** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JESSICA BADENOCH for causes of action against defendants, RIEDELL SHOES, INC. a Minnesota Corporation, AMAZON.COM SALES, INC. a Delaware Corporation and DOES 1 through 100, inclusive, and each of them, complains and alleges as follows:

//

//

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

## INTRODUCTION

1. This case involves bottom-line-driven merchants, RIEDELL SHOES, INC. ("RIEDELL") and AMAZON.COM SALES, INC. ("AMAZON"), who marketed and sold defective skates. One of the skates came apart, causing Plaintiff JESSICA BADENOCH ("PLAINTIFF" or "BADENOCH"), a healthy, active and athletic woman, to fall while skating on a flat surface. As a result of her fall, PLAINTIFF sustained serious injuries. Video of the incident clearly shows that the skate suddenly and unexpectedly broke apart while being used as intended. PLAINTIFF was harmed by a product manufactured, distributed, and/or sold by Defendants that was defectively designed, contained a manufacturing defect, and/or did not include sufficient instructions or warnings of potential safety hazards.

2. On April 21, 2024, PLAINTIFF was using her Riedell RW Wave, Quad Skates along Venice Boulevard during the CicLAvia event. She had just begun skating when her right skate lost its front set of wheels, causing PLAINTIFF to fall violently to the ground. PLAINTIFF suffered serious injuries to her right arm, wrist and hand, and she also struck her head on the pavement. The aforementioned events are herein collectively referred to as the "SUBJECT INCIDENT."

3. In the SUBJECT INCIDENT, BADENOCH sustained life altering injuries that, to this day, affect her greatly. The injuries include, but are not limited to, severe damage to BADENOCH's right arm and wrist, which has required two surgical interventions, and continuing, extensive rehabilitation.

## JURISDICTION AND VENUE

4. Venue is appropriate in Los Angeles County, and this Court has personal jurisdiction over the Defendants and each of them, because, among other things, the facts and circumstances alleged herein arose in the City of Los Angeles, County of Los Angeles, State of California.

## PARTIES

5. PLAINTIFF, at all times mentioned in this complaint, was, and is, an individual residing in Los Angeles County, California.

6. PLAINTIFF is informed, believes, and alleges that Defendant RIEDELL SHOES,

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

INC. ("RIEDELL") is, and at all times mentioned in this complaint was, a Minnesota corporation with its principal place of business at 122 Cannon River Avenue North, Red Wing, MN 55066. RIEDELL is registered to do business in California, and its Agent for Service of Process is CSC – Lawyers Incorporating Service, Becky Degeorge, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

7.    PLAINTIFF is informed, believes, and alleges that Defendant AMAZON.COM SALES, INC. ("AMAZON") is, and at all times mentioned in this complaint was, a Delaware Corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98108. AMAZON is registered to do business in California, and its Agent for Service of Process is CSC – Lawyers Incorporating Service, Becky Degeorge, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

8.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to PLAINTIFF who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474. The full extent of the facts linking such fictitiously sued defendants is, currently, unknown to plaintiff.

9.    PLAINTIFF is informed and believes, and on such information and belief alleges, that each Doe defendant is responsible in some manner for the events alleged herein, and PLAINTIFF will amend the complaint to state the true names and capacities of said defendants when the same have been ascertained.

10.    PLAINTIFF is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein as DOES 1 through 100, inclusive, was the agent and employee of each of the remaining defendants and was at all times acting within the course and scope of such agency and employment with the full knowledge, consent, authority, ratification and/or permission of each of the remaining defendants.

11.    At all times herein mentioned, Venice Boulevard was and is a public roadway running in an East/West direction in the City of Los Angeles. The SUBJECT INCIDENT occurred approximately 100 yards west of the intersection with Overland Avenue. Thus, the SUBJECT

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

3

INCIDENT occurred within the City of Los Angeles, County of Los Angeles, State of California.

## GENERAL ALLEGATIONS

12. PLAINTIFF incorporates all preceding and following paragraphs as if fully set forth herein.

13. On or about April 21, 2024, at approximately 2:30 p.m., BADENOCH was roller skating on Venice Boulevard in conjunction with a CicLAvia event in Los Angeles, in which pedestrians and other recreation seekers are able to use the city streets, which have been closed to vehicle traffic. While participating in the CicLAvia event, BADENOCH was utilizing Riedell RW Wave, Quad Skates that she had purchased from AMAZON.

14. BADENOCH was attending the CicLAvia event with a family member and they had been casually traveling for about 15 minutes when the front wheels of BADENOCH's right roller skate detached and fell completely off, causing BADENOCH to immediately, and violently, fall face-forward onto the pavement. The entire incident is captured on video, which shows the wheels coming off the defective skate.

15. As a result of the fall caused by BADENOCH'S defective skate, she suffered severely displaced radial and ulnar fractures to her right wrist, as well as an impact to her forehead causing an abrasion above her right eyebrow, and other injuries to parts of her body that struck the ground as she fell, including her left shoulder and side.

16. Due to the severity of her injuries as a result of the fall caused by her defective skate, BADENOCH was in extreme pain and distress. In response to calls to 911 for emergency assistance, Culver City Fire Department was dispatched to BADENOCH'S location.

17. BADENCH was stabilized at the scene of the SUBJECT INCIDENT and transported to Southern California Hospital at Culver City for emergency treatment.

18. At Southern California Hospital at Culver City BADENOCH underwent X-rays of her right wrist, which confirmed the severity of her injuries. There, doctors sedated BADENOCH and attempted to realign her displaced broken bones. Based on additional X-ray images, the treaters ultimately were unable to provide any improvement. BADENOCH was splinted on her

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

injured wrist, provided pain killers, and advised to promptly contact an orthopedic surgeon for surgical intervention.

19. On April 30, 2024, BADENOCH underwent her first surgical intervention in which the surgeon performed an open reduction internal fixation right distal radius, medial neurolysis and carpal tunnel release – a plate and screws were necessary to secure her severely broken bones. This surgery provided some improvement, but BADENOCH remained unable to use her right hand, as her thumb and several fingers had limited or no range of movement.

20. On August 6, 2024, BADENOCH underwent a second surgery on her right wrist. During this procedure, the surgeon removed the plate and screws that had been placed during the first surgery, and the surgeon worked to repair BADENOCH's severely damaged tendons.

21. BADENOCH has continued physical and occupational therapy to increase function in her injured arm, wrist and hand.

22. At the time of her devastating injuries, BADENOCH, age 51, was in good health, was a loving and caring family member, and was an active athlete. However, by reason of her injuries, she has suffered extreme pain and mental anguish.

23. Although in the months following the SUBJECT INCIDENT, BADENOCH underwent treatment for her injuries, she will face a lifetime of impairment due to the injuries she sustained during SUBJECT INCIDENT, and likely will require extensive future medical treatment due to the extent of the injuries.

24. RIEDELL and AMAZON (collectively, "DEFENDANTS") are the manufacturers and/or distributors of the Riedell RW Wave, Quad Skates used by BADENOCH ("THE PRODUCT"), which DEFENDANTS market and sell at various retail and internet-based consumer outlets.

25. THE PRODUCT is marketed as indoor/outdoor quad roller skates designed with "safety in mind," touting strong ankle support and long-lasting rubber toe stopper to provide easy braking control, high-rebound urethane wheels designed to provide extra grip on any surface, an easy lace system, and quality bearings.

26. BADENOCH purchased THE PRODUCT from DEFENDANTS for personal,

5

recreational purposes.

27. BADENOCH followed the instructions on the packaging of THE PRODUCT, reviewed the owner's manual and safety precautions included with THE PRODUCT, and read and followed all safety precautions posted on website associated with the sale of THE PRODUCT.

## FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY-DESIGN DEFECT
## (AS AGAINST ALL DEFENDANTS)

28. PLAINTIFF incorporates all preceding and following paragraphs as if fully set forth herein.

29. DEFENDANTS manufactured, distributed, and/or sold THE PRODUCT.

30. THE PRODUCT did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way. The failure of THE PRODUCT to perform as safely as a reasonable consumer would have expected was a substantial factor in causing harm to PLAINTIFF.

31. Moreover, the benefits of THE PRODUCT's design do not outweigh the risks of the design. Among other things, there was a significant risk of serious harm resulting from the use of THE PRODUCT, and there was a high likelihood that this harm would occur. Additionally, alternative safer designs were feasible and in fact used by other manufacturers of other products that served the same purpose as that of THE PRODUCT at the time of its manufacture. This alternative safer design could have been implemented at minimal or no additional cost, and the alternative design would not have any disadvantages.

32. THE PRODUCT'S design was a substantial factor in causing harm to BADENOCH.

33. As a direct and proximate result of the negligence of DEFENDANTS, and each of them, including DOES 1 through 100, BADENOCH suffered damages in an amount exceeding the jurisdictional minimum of this Court.

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

## SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY-MANUFACTURING DEFECT

### (AS AGAINST ALL DEFENDANTS)

34. PLAINTIFF incorporates all preceding and following paragraphs as if fully set forth herein.

35. DEFENDANTS manufactured, distributed, and/or sold THE PRODUCT.

36. THE PRODUCT contained a manufacturing defect when it left DEFENDANTS' possession.

37. THE PRODUCT'S defect was a substantial factor in causing harm to BADENOCH.

38. As a direct and proximate result of the negligence of DEFENDANTS, and each of them, including DOES 1 through 100, as aforesaid, BADENOCH suffered damages in an amount exceeding the jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

### STRICT PRODUCT LIABILITY-FAILURE TO WARN

### (AS AGAINST ALL DEFENDANTS)

39. PLAINTIFF incorporates all preceding and following paragraphs as if fully set forth herein.

40. DEFENDANTS manufactured, distributed, and/or sold THE PRODUCT.

41. DEFENDANTS knew or should have known that THE PRODUCT had potential risks that were known or knowable in light of scientific knowledge that was generally accepted in the scientific community at the time of manufacture, distribution, and/or sale.

42. The potential risks presented a substantial danger when THE PRODUCT is used or misused in an intended or reasonably foreseeable way.

43. Ordinary consumers would not have recognized the potential risks.

44. DEFENDANTS failed to adequately warn or instruct of the potential risks.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

45. As a direct and proximate cause of DEFENDANTS' failure to provide adequate instructions or warnings, BADENOCH was harmed.

46. As a legal, direct, and proximate result of the conduct of DEFENDANTS, and each of them, including DOES 1 through 100, BADENOCH has suffered damages in an amount to be proven at trial but that exceeds the jurisdictional minimum of this court.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CONSUMER LEGAL REMEDIES ACT (CIV. CODE § 1750, ET SEQ)

## (AS AGAINST ALL DEFENDANTS)

47. PLAINTIFF incorporates all preceding and following paragraphs as if fully set forth herein.

48. PLAINTIFF is a consumer within the meaning of Civ. Code, § 1761(d).

49. DEFENDANTS are persons within the meaning of Civ. Code, § 1761(c).

50. THE PRODUCT constitutes a good within the meaning of Civ. Code, § 1761(a).

51. DEFENDANTS' conduct violated Civ. Code, § 1770(a) for at least the following reasons:

a. DEFENDANTS misrepresented the source, sponsorship, approval, or certification of THE PRODUCT, advertising it as "ULTRA DURABLE" and featuring "QUALITY WHEELS;"

b. DEFENDANTS represented that THE PRODUCT has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does not have, advertising it as being "DESIGNED WITH SAFETY IN MIND;"

c. DEFENDANTS represented that THE PRODUCT is of a particular standard, quality, or grade, or is of a particular style or model, when it was in fact of another, advertising it as providing a "LONG LASTING RIDE;"

d. DEFENDANTS advertised THE PRODUCT with the intent not to sell it as advertised, claiming inter alia that it was / featured:

"ULTRA DURABLE: These casual quad skates feature a soft

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

padded lining that creates a comfortable, yet durable skate boot. The skates have a fully adjustable Marvel aluminum plate with strong metal trucks for optimal support …"

"SMOOTH, LONG LASTING RIDE: Recreational roller skates women and men can depend on for an exceptionally smooth ride, the RW wave features quality bearings that help you roll long-term. These polished, chromed steel ball bearings minimize friction to give you the best ride"

"**DESIGNED WITH SAFETY IN MIND: These high top roller shoes are designed with safety in mind.** The boot has a high, precision fit on the ankle for strong ankle support, and a long-lasting rubber toe stopper to provide easy braking control"

"QUALITY WHEELS: The RW Wave has high-rebound urethane roller skate wheels designed to provide a smooth indoor roll (57mm x 32mm; 95A hardness)." (Emphasis added.)

52. As a direct and proximate result of the aforesaid conduct of DEFENDANTS, and each of them, PLAINTIFF has been damaged.

53. By reason of the foregoing, PLAINTIFF has been irreparably harmed entitling her to injunctive relief, disgorgement and restitution.

54. Pursuant to §1782 of the CLRA, PLAINTIFF notified DEFENDANTS in writing of the particular violations of §1770 of the CLRA and demanded DEFENDANTS rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so. PLAINTIFF sent this notice by certified mail, return receipt requested, to DEFENDANTS' principal place of business.

55. If DEFENDANTS fail to adequately respond to PLAINTIFF'S demand within 30 days of the letter pursuant to §1782 of the CLRA, PLAINTIFF will amend this claim to add additional claims for relief, including claims for compensatory and exemplary damages.

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

PLAINTIFF is already entitled to the relief set forth above, along with costs, attorneys' fees and any other relief which the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BADENOCH prays for judgment against Defendants RIEDELL and AMAZON, and DOES 1-100, and each of them, as follows:

1. For compensatory and general damages for past, present and future psychological, emotional and physical pain, suffering, distress, injury and disfigurement in an amount in excess of the jurisdictional minimum of this Court;

2. For economic damages related to loss of earnings and loss of financial support;

3. For hospital, medical, professional, and incidental expenses;

4. For loss of personal property and income;

5. For prejudgment interest;

6. For damages for Plaintiff's other economic losses;

7. For pre-trial interest;

8. For Cost of suit incurred herein; and

9. For such other and further relief as this Court may deem just and proper.

DATED: February 9, 2026          THE X-LAW GROUP, P.C.

By:_____
Filippo Marchino, Esq.,
Attorneys for Plaintiff,
JESSICA BADENOCH

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff BADENOCH hereby demands a Jury Trial.


DATED:  February 9, 2026            THE X-LAW GROUP, P.C.

By: _____

Filippo Marchino, Esq.,
Attorneys for Plaintiff,
JESSICA BADENOCH

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

11

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL